# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | I.D. Nos.: 2101011771 |
| v. | ) | 1909003409 |
| | ) | |
| ENOCH JOHNSON, | ) | |
| | ) | |
| Defendants. | | |

## ORDER ON DEFENDANT'S MOTION
## FOR MODIFICATION OF SENTENCE

On March 6, 2024, the Defendant Enoch Johnson, filed a Motion for Modification of Sentence under Superior Court Criminal Rule 35. Having considered the Defendant's Motion and this Court's review of the record, it appears to the Court that:

1. On September 17, 2021, the Defendant pled guilty to two charges: Robbery First Degree (N21-06-0030-I) and Possession of a Firearm During the Commission of a Felony ("PFDCF") (N21-06-0927-I).

2. As to the Robbery First charge, Defendant was sentenced to twenty-five (25) years at Level V, suspended after three (3) years at Level V for six (6) months at Level IV, followed by two (2) years at Level III. The three (3) year Level V time is a minimum mandatory sentence. As to the PFDCF charge, the Court sentenced Defendant to twenty-five (25) years at Level V, suspended after three

1

(3) years at Level V for six (6) months at Level IV, followed by two (2) years at Level III. Like the Robbery charge, the three (3) year Level V time is also a minimum mandatory sentence. As such, Defendant's sentence reflects a minimum mandatory sentence of six (6) years.

3. Johnson has filed two prior motions for sentence modification. The first modification was filed in May 2022. In that motion filed under Rule 35(a), Johnson sought to reduce or modify his Level V time from six (6) years to five (5) years and to modify or reduce the time and nature of his probationary supervision. That Motion was denied by this Court on May 19, 2022. On May 8, 2023, Johnson filed a second Motion to Reduce and/or Modify his Sentence arguing that he cannot be charged with both Possession of a Firearm During the Commission of a Felony and First-Degree Robbery. This Court denied that Motion in a March 23, 2023 Order. The Supreme Court affirmed on October 23, 2023.

4. In the instant motion, Defendant asks the Court to eliminate the Level IV portion of his probation.

5. Superior Court Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[1] Under Rule 35(b), the Court may consider reducing or modifying

---

[1] Super. Ct. Crim. R. 35(b).

the term or conditions of partial confinement or probation at any time. Rule 35(b), however, further provides that the Court, "*will not consider repetitive requests* for reduction of sentence."[2]

6. This is Defendant's second motion under Rule 35(b) for modification of his sentence. For this reason alone, the Second Motion is denied as repetitive.[3] This procedural bar applies even when the subsequent motion requests a reduction or modification of a term of partial confinement of probation.[4]

7. Even on the merits of this Second Motion, the modification of the probationary terms the motion provides no additional information that would warrant a reduction or modification of this sentence. Thus, the sentence is appropriate for all the reasons stated at the time of the sentencing.

Defendant's Motion for Modification is **DENIED**.

**IT IS SO ORDERED.**

/s/ Francis J. Jones, Jr.
Francis J. Jones, Jr., Judge

cc: *Original to the Prothonotary*
Matthew Hicks, Deputy Attorney General
John S. Malik, Esquire
Mr. Enoch Johnson, SBI No.: 006698084, HRYCF

---

[2] *Id.*(emphasis added).
[3] *State v. Burton*, 2020 WL 3057888, at *2 (Del. Super. June 5, 2020) (the bar to considering repetitive motions has no exceptions). *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE) (finding that the defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").
[4] *Burton*, 2020 WL 3057888, at *2; *State v. Pryor*, 2023 WL 3496289, *2 (Del. Super. May 17, 2023).